IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HANNAH MIKAYLAH MADDEN, et al.,<br>Plaintiffs,<br>v.<br>CHELSEA KOCH, et al.,<br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br>Case No. 2:26-cv-00026-RJS-DAO<br>District Judge Robert J. Shelby<br>Magistrate Judge Daphne O. Oberg |

Plaintiffs Hannah Mikaylah Madden and Elijah Nehemiah Madden, proceeding pro se, filed the Complaint on January 9, 2026.[1] Plaintiffs allege Defendants violated their civil rights related to an ongoing criminal proceeding against Elijah.[2] Defendants are four Utah state judges, a public defender, state prosecutors, three deputies, two Utah counties, and the Utah County Sheriff's Office.[3]

Pending before the court are motions to dismiss by all defendants who have been served.[4] The Judicial Defendants seek dismissal for lack of subject matter jurisdiction based on their judicial immunity and for failure to state a claim for relief.[5] Defendant Shimada, Elijah's public defender in the state criminal proceeding, seeks dismissal for insufficient service and failure to

[1] Dkt. 1, *Complaint*.

[2] *Id.* Because Plaintiffs share the same last name, the court refers to them collectively as Plaintiffs and individually by their first name. The court means no disrespect.

[3] *Id.*

[4] Dkt. 38, *Defendant's Motion to Dismiss Complaint* (*Judicial Defendants' Motion*); Dkt. 39, *Defendant Jeremy Shimada's Motion to Dismiss Complaint* (*Shimada Motion*); Dkt. 46, *Utah Country Defendants' Motion to Dismiss* (*Utah County Defendants' Motion*). Defendant Salt Lake County has not been served. *See* Dkt. 66, *Order to Show Cause*.

[5] *Judicial Defendants' Motion* at 2. The Judicial Defendants are the Honorable Judge Chelsea Koch, Judge Sean Peterson, Judge Kraig Powell, and Judge Roger Griffin. *Id.* at 13.

state a claim for relief.[6] The Utah County Defendants seek to dismiss for failure to state a claim for relief.[7] Plaintiffs oppose the Motions.[8]

Also pending before the court are two motions filed by Plaintiffs: a Motion seeking Elijah's immediate release from state custody[9] and a Motion seeking leave to amend the Complaint.[10]

This case is referred to Magistrate Judge Daphne O. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B).[11] On August 13, 2026, Judge Oberg issued a Report and Recommendation (Report), recommending the court grant the Judicial Defendants' Motion and Shimada's Motion; grant in part and deny in part Utah County Defendants' Motion;[12] deny Plaintiffs' Motion seeking Elijah's immediate release; and deny without prejudice Plaintiffs' Motion for leave to amend.[13] The Report provided, "The parties have the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections."[14]

---

[6] *Shimada Motion* at 2–4.

[7] *Utah County Defendants' Motion* at 5–6. The Utah County Defendants are Julia Thomas, Wayne VanDeGraaff, Deputy Kaden Cook, Deputy Dean Olsen, Deputy Sainsberry, Utah County, and the Utah County Sherriff's Office. *Id.* at 1.

[8] Dkt. 58, *Plaintiff's Opposition to Defendants Motion to Dismiss* (*Opposition to Judicial Defendants' and Utah County Defendants' Motion*); Dkt. 41, *Plaintiffs' Memorandum in Opposition to Motion to Dismiss* (*Opposition to Shimada Motion*).

[9] Dkt. 37, *Motion for Rejection of Extension of Time, Request for Acknowledgment of Conflict of Interest, and Motion for Immediate Release on Own Recognizance* at 3–6. The court construes this motion to seek preliminary injunctive relief. *See* Dkt. 65, *Report and Recommendation* (*Report*).

[10] Dkt. 54, *Motion for Leave to Amend*.

[11] *See* Dkt. 51, *Docket Text Order*.

[12] The Report recommends the Utah County Defendants' Motion be denied with respect to the excessive force claim against Deputy Sainsberry and instead that claim be stayed until the state criminal proceedings are complete, but the remaining claims against Sainsberry and the other Utah County Defendants should be dismissed. *Report* at 13–14.

[13] *Id.* at 35–36.

[14] *Id.* at 36.

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition. When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[15] This court reviews for clear error any report and recommendation to which no objections have been raised.[16]

The deadline to object has passed, and Plaintiffs did not file an objection to the Report.[17] Accordingly, this court reviews the Report for clear error. Having carefully considered the Report, the court finds no clear error. Thus, the court ADOPTS the Report in full.[18] The court GRANTS the Judicial Defendants' Motion[19] and the Shimada Motion.[20] The court GRANTS IN PART and DENIES IN PART the Utah County Defendants' Motion.[21] The court DENIES Plaintiffs' Motions for immediate release[22] and leave to amend.[23] Accordingly, it is HEREBY ORDERED:

- The claims for declaratory and injunctive relief are DISMISSED.

---

[15] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[16] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[17] *See docket*.

[18] Dkt. 65.

[19] Dkt. 38.

[20] Dkt. 39.

[21] Dkt. 46.

[22] Dkt. 37.

[23] Dkt. 54.

- The individual-capacity damages claims against the Judicial Defendants are DISMISSED with prejudice.
- The excessive force claim against Deputy Sainsberry is STAYED pending the resolution of the state criminal proceedings. The remaining claims against Deputy Sainsberry are DISMISSED.
- The claims against Shimada are DISMISSED.
- The claims against Utah County and the Utah County Sheriff's Office are DISMISSED.
- The claims against Thomas, VanDeGraaff, Cook, and Olsen are DISMISSED.

SO ORDERED this 31st day of August, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge